# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SELWIN WARWICK,** : | CIVIL ACTION NO. 1:06-CV-2459 |
| **Petitioner** : | (Judge Conner) |
| v.  : | |
| **JONATHAN C. MINER, Warden,** : | |
| **Respondent** : | |

## MEMORANDUM

Selwin Warwick ("Warwick"), an inmate currently confined at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood") in White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241. Warwick challenges certain actions taken by the United States Parole Commission ("Commission") and the United States Bureau of Prisons ("BOP"). Specifically, Warwick alleges that: (1) he should be excused from administrative exhaustion requirements for various reasons; (2) he should have been treated as being on regular rather than special parole following the first revocation of his special parole term; and (3) he has been improperly denied sentence credits for time that he spent in state custody. For the reasons that follow, the petition will be dismissed.

## I. Statement of Facts

On December 17, 1986, in the United States District Court for the Eastern District of New York, Warwick received a five-year prison sentence to be followed by a ten-year special parole term following his guilty plea to importation of cocaine.  (Doc.

1 at 1.) He began serving his special parole term on August 20, 1991, with a termination date of August 20, 2001.[1] (Doc. 11, Ex. 2.)

On November 22, 1993, Warwick was arrested for criminal sale of a controlled substance and sentenced to six years to life in local custody by the Manhattan Supreme Court. (Doc. 1 at 2.) On March 23, 1994, the Commission issued a warrant charging Warwick with violating several conditions of his supervision. The warrant was executed on October 26, 1998, upon Warwick's release from state custody. (Doc. 11 at 3.) As punishment for the violations, the Commission revoked Warwick's special parole, ordered forfeiture of his time spent on parole (hereinafter "street time credits"), and ordered his reparole on June 22, 1999. (Id.) Warwick was reparoled on June 22, 1999 and was ordered to remain under supervision until October 25, 2008. (Doc. 11, Ex. 6.)

On July 10, 2000, the Commission issued a warrant charging Warwick with possession of heroin with intent to distribute and with simple possession of heroin. (Doc. 11 at 3.) He was immediately arrested, and the Commission revoked his special parole, ordered forfeiture of his street time credits, and ordered his reparole on September 9, 2001 with a new termination date of November 12, 2009. (Id. at 4.)

---

[1] The dates given in Warwick's petition (Doc. 1) and the government's response (Doc. 11) differ slightly with regard to certain facts. The exact dates are not germane to the disposition of the instant memorandum and order. Accordingly, for purposes of this memorandum, the court will use the dates from the government's response (Doc. 11).

2

On May 15, 2002, Warwick pled guilty to multiple charges stemming from a November 7, 2001 arrest and was sentenced to three to six years by the Brooklyn Supreme Court. (Doc. 1 at 2.) The Commission issued a warrant on June 10, 2002 charging Warwick with violating his conditions of supervision. He was taken into federal custody on November 4, 2004 upon his release from state custody. (Doc. 11 at 4.) At a revocation hearing on January 27, 2005, the Commission revoked Warwick's special parole, directed that he receive no street time credits for the period from September 9, 2001 to November 4, 2004, and ordered reparole on November 6, 2007. (Id.) Warwick filed the instant petition (Doc. 1) on December 26, 2006.

## II. Discussion

Generally, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.") Exhaustion is required for three reasons: (1) it facilitates judicial review by allowing the appropriate agency to develop a factual record and to apply its expertise; (2) it conserves judicial resources; and (3) it fosters administrative autonomy by providing agencies the opportunity to correct their errors. Garcia v. Gonzalez, Civ. No. 3:CV-07-0047, 2007 U.S. Dist. LEXIS 8420, at *3 (M.D. Pa. Feb. 6, 2007) (citing Moscato, 98 F.3d at 761-62). Exhaustion of

administrative remedies, however, is not required where exhaustion would not promote these goals.[2]

In the case *sub judice*, Warwick acknowledges that he has not exhausted the administrative remedies available to him. (See Doc. 1 at 3-4.) Nevertheless, he contends that his failure to exhaust administrative remedies should be excused because of: (1) the inordinate delay in LSCI-Allenwood's administrative remedy process,[3] (2) the ineffectiveness of the administrative process in protecting Warwick's rights,[4] and (3) the existence of "an exceptional circumstance of peculiar urgency."[5]

---

[2] For example, exhaustion is not required where a prisoner demonstrates futility, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998), where delay would subject the prisoner to irreparable injury, Carling v. Peters, No. Civ. A. 00-CV-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000), or where the issue presented by the prisoner involves only statutory construction, Bradshaw v. Carlson, 682 F.2d 1050, 1052-53 (3d Cir. 1981).

[3] Warwick argues that because he filed an informal resolution that was not answered within five working days, exhaustion should be excused. (See Docs. 1, 12.) The court disagrees. The administrative remedy provided by 28 C.F.R. §§ 542.10 - 542.18 explicitly provides: "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider an absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Pursuant to the administrative procedure, Warwick should have appealed the Commission's decision to the next highest level. See 28 C.F.R. § 542.15.

[4] Warwick alleges that state remedies "fail to afford a full and fair adjudication of the federal contentions raised." (Doc. 1 at 4 (citation omitted)). The court disagrees, and finds that petitioner does not offer any cause for his failure to utilize available administrative remedies. See Moscato, 98 F.3d at 762 ("Where, in the face of an explicit opportunity to do so, a petitioner fails to allege the existence of an external impediment . . . there is no factual dispute to resolve.")

[5] Warwick argues that his advanced age and his wife's declining health create an "exceptional circumstance of peculiar urgency." (Doc. 1 at 4.) The fact remains, however, that Warwick allowed almost two years to pass between the date of the Commission's decision and the filing of the instant petition (Doc. 1).

(Id.)  The court does not find any of these contentions sufficient to excuse the fact that Warwick has failed to exhaust the administrative remedies available to him.[6]

Following the January 27, 2005 hearing, Warwick could have filed a request for administrative remedy seeking formal review of any aspect of his imprisonment pursuant to 28 C.F.R. §§ 542.10 - 542.18.  This multi-tier system would have enabled Warwick to first file with prison staff in an effort to resolve informally any issue.  Id. § 542.13(a).  Next, Warwick could have filed with the warden, and then with the regional director if he was still unsatisfied.  Id. §§ 542.14 - 542.15.  Finally, Warwick could have appealed any adverse decision made by the regional director to general counsel in the BOP's Central Office.  Id. § 542.15(a).  In addition to this multi-tier system, Warwick could have filed an appeal to the National Appeals Board to challenge "any decision to grant . . ., rescind, deny, or revoke parole[.]"  Id. § 2.26.  Warwick did not attempt to exhaust any of the aforementioned administrative remedies in the nearly two-year time period between the Commission's January 27, 2005 decision and the filing of the instant petition.  The fact that all administrative remedies may now be closed to Warwick does not excuse the fact that he failed to exhaust those remedies. See Moscato, 98 F.3d at 762 ("[A] federal prisoner who challenges a disciplinary proceeding within a federal institution, fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues

---

[6] Because Warwick failed to exhaust his administrative remedies, the court need not address the merits of Warwick's claims regarding the type of parole that was most appropriate for him and the amount of street time credits he should have been awarded.  See supra pg. 1.

of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice.")  Accordingly, the court will dismiss Warwick's petition for failing to exhaust his administrative remedies.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:	April 13, 2007

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SELWIN WARWICK,** | : CIVIL ACTION NO. 1:06-CV-2459 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **JONATHAN C. MINER, Warden,** | : |
| Respondent | : |

## ORDER

AND NOW this 13th day of April, 2007, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for a writ of habeas corpus (Doc. 1) is DISMISSED.

2. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

3. The Clerk of Court is directed to CLOSE this case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge